OPINION OF THE COURT
. James A. Gowan, J.
The petitioners in this article 78 proceeding seek a determination setting aside the order of the respondent, dated May 22, 1978, which denied petitioners’ application for a tidal wetlands permit upon the grounds that such denial of the application was arbitrary and capricious and constituted an abuse of discretion, and that it further constituted the denial of the constitutional right of the petitioners.
Petitioners are the owners of a parcel of real property located in the Town of Islip, Suffolk County, New York. That property consists of a residential building lot which complies *563 with all of the applicable zoning requirements of the Town of Islip and is in all respects suitable for the erection of a one-family dwelling. Petitioners’ application for a building permit to erect such a dwelling was denied by the Building Department of the Town of Islip on the grounds that a tidal wetlands permit pursuant to ECL article 25 had to be obtained first. As a result, on May 1, 1978, petitioners filed their application for such a permit. On that same date, they were informed by Richard C. Ryan, Regional Supervisor of Real Property Services for Region One, New York State Department of Environmental Conservation, which region encompasses Suffolk County, that the State of New York was interested in acquiring their property; that any such acquisition is subject to the approval of the New York State Director of the Budget; and that pending such determination and approval, the requested tidal wetlands permit could be denied to them for a period of two years.
ECL 25-0403 (subd 2) provides, in pertinent part, that a notice that any State or local government agency is "in the process of acquisition of any tidal wetlands by negotiation or condemnation shall be sufficient basis for denial” of the tidal wetlands permit (emphasis supplied). The thrust of petitioners’ contention is that by the terms of the above section, the initiation of the "process of acquisition” by actual commencement by the State of a condemnation proceeding or negotiations for the acquisition of the property is a condition precedent to the filing of the notice which resulted in the denial of their permit application. The court agrees. Any contrary interpretation would permit a substantial deprivation of property rights based on a purely speculative interest in acquisition whose potential for fruition would be impossible to calculate. Nor are the State’s internal procedures inconsistent with such a view, since they require withholding the notice in question until after "the inclusion of the wetland involved in the Department’s projected cash flow master acquisition list for a particular fiscal year commencing not more than twelve months from the date of such written notice.” (Memorandum of Langden Marsh, former Chief Counsel to Department of Environmental Conservation.) Since the notice in question may only be filed after the earmarking of funds for the acquisition of specific property, it is not unreasonable to expect the commencement of good faith negotiations or condemnation proceedings to accomplish that goal.
*564 Accordingly, the denial of petitioners’ application for a tidal wetlands permit is vacated, and respondents are directed to issue such permit forthwith unless the Department of Environmental Conservation commences proceedings to acquire the property by either of the means alluded to above within 20 days of receipt of a copy of the order to be entered herein.